IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JERRY BIRD,**                                  3:14-CV-00843-YY

      **Plaintiff,**                       **OPINION AND ORDER**

**v.**

**UNITED STATES DEPARTMENT OF
EDUCATION, REHABILITATIONS
SERVICES ADMINISTRATION, and
the OREGON COMMISSION FOR THE
BLIND,**

      **Defendants.**

**BROWN, Judge.**

Magistrate Judge Youlee Yim You issued Findings and Recommendation (#74) on February 24, 2017, in which she recommends this Court: (1) deny the Motion (#50) for Summary Judgment filed by Defendant Oregon Commission for the Blind (OCB); (2) vacate the Order of Defendant United States Department of Education (DOE) Arbitration Panel issued March 17, 2014, denying Plaintiff Jerry Bird's request for a determination that OCB violated the requirements of state and federal law regarding the operation of vending facilities by blind vendors; and

1 - OPINION AND ORDER

(3) award Plaintiff compensatory damages, including attorneys' fees and costs. Plaintiff and OCB have each filed timely Objections to portions of the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

For the reasons that follow, the Court **ADOPTS in part** and **DECLINES to ADOPT in part** the Magistrate Judge's Findings and Recommendations and **REMANDS** this matter to the Arbitration Panel as herein specified.

## **STANDARDS**

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

If no objections to the Magistrate Judge's Findings and Recommendation are timely filed, this Court is relieved of its obligation to review the record *de novo*, but reviews only the legal principles *de novo* for any errors. *Id.*

Because this is an appeal from an arbitration award under the Randolph-Sheppard Act (RSA), 20 U.S.C. § 107, *et seq.*, it is reviewed as an agency action under the Administrative Procedures

Act (APA), 5 U.S.C. § 706. *Premo v. Martin*, 119 F. 3d 764, 768 (9th Cir. (1997). The agency decision is "entitled to a presumption of regularity," and the court may not substitute its judgment for that of the agency. *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 807 F.3d 1031, 1043 (9th Cir. 2015)(quoting *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 948, 950 (2015)). The court must uphold the agency action unless the court finds the decision was

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (D) without observance of procedure required by law;
>
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> (F) unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court.

5 U.S.C. § 706(2).

## BACKGROUND

**I.  Regulatory Background**

The RSA is a federal law that provides opportunities for

blind persons who desire to operate vending facilities on federal property. The stated purposes of the RSA are to "provid[e] blind persons with remunerative employment, [to] enlarg[e] the economic opportunities of the blind, and [to] stimulat[e] the blind to greater efforts in striving to make themselves self-supporting." 20 U.S.C. § 107(a). The Rehabilitation Services Administration within the DOE administers the RSA with the help of state agencies. 20 U.S.C. §§ 107a, 107b. These state agencies, referred to as "state licensing agencies" (SLA), issue licenses to blind persons to make them eligible to operate vending facilities on federal properties.

OCB is an agency of the State of Oregon responsible for providing services to Oregon citizens who are blind. Or. Rev. Stat. §§ 346.110-346.270. OCB is also the SLA responsible for administering the RSA in Oregon. OCB advocates to provide vending services in state public buildings or on public property on behalf of blind persons who are licensed under the Oregon state law sometimes referred to as the "Oregon mini-RSA." Or. Rev. Stat. §§ 346.510-346.570.

The Blind Enterprise Consumer Committee (BECC) is a group of elected managers from the blind-vendors community who actively participate with OCB in major administrative decisions and who affect the overall administration of the blind-vendors program and policies under the RSA and Oregon law. *See* 34 C.F.R

§ 395.14.

Oregon Revised Statutes § 346.540(1) obligates OCB to: (1) look for locations in state public buildings or state properties suitable for vending services to be operated by persons who are blind; (2) make leases or licensing agreements with agencies or departments in such locations to establish vending facilities; (3) select, train, license and establish qualified persons who are blind as managers of such vending facilities; and (4) adopt rules to assure the proper and satisfactory operation of such vending facilities.

Oregon Revised Statutes § 346.520 sets out the statutory preference for blind vendors in public buildings:

> (1) For the purposes of providing persons who are blind with remunerative employment, enlarging the economic opportunities of those persons and stimulating them to greater efforts to make themselves self-supporting with independent livelihoods, persons who are blind and who are licensed . . . shall operate vending facilities in or on any public buildings or properties where, in the discretions of the head of the department or agency in charge of the maintenance of such buildings or properties, such vending facilities may properly and satisfactorily operate.

Oregon Revised Statutes § 346.530 requires:

> (1) Each head of the department or agency in charge of the maintenance of public buildings or properties shall:
> (a) Periodically notify [OCB] in writing of any and all existing locations where vending facilities are in operation or where vending facilities might properly and satisfactorily be operated.
> (b) Not less than 30 days prior to the reactivation, leasing, re-leasing, licensing or issuance of permit for operation of any vending

5 - OPINION AND ORDER

>    facility, inform [OCB] of such contemplated action.
>
>    . . .
>
>    (2) If [OCB] makes an offer to operate a vending facility under the provisions of this section and the offer is not accepted for reasons other than the decision to have no vending facility on the premises, such head of the department or agency shall notify the commission in writing of the reasons for refusing its offer, including but not limited to the terms and conditions of the offer which was accepted, if any.
>
>    (3) Any contract or agreements entered into subsequent to July 1, 1975, which is not in compliance with or in violation of ORS 346.2220 and 346.510 to 346.570, shall be null and void.

## II. Factual Background

Plaintiff is a licensed blind vendor under the RSA and Oregon law. In late 2005 Plaintiff and OCB discussed the possibility of Plaintiff relinquishing his interest in a vending facility he operated at the Oregon Lottery in exchange for interests in other vending facilities, including Chemeketa Community College.

In July 2006 OCB entered into an agreement with Chemeketa to provide vending services, but Plaintiff and OCB were "in a standoff" over the assignment of the vending contract at Chemeketa to Plaintiff. Instead OCB contracted with Courtesy Vending to provide these vending services from July 1, 2006, through June 30, 2007. The OCB/Courtesy contract also required Courtesy to pay commissions on the gross sales to OCB. In the summer of 2006 Plaintiff filed a grievance with OCB regarding

this dispute, and OCB appointed an arbitration panel to resolve Plaintiff's grievance.

In 2007 OCB entered into a five-year agreement with Chemeketa regarding the operation of vending services at their facilities, and Plaintiff was assigned the vending rights under this agreement. This agreement gave OCB the exclusive right to operate food and coffee vending services at the Chemeketa main campus and required a $100 per month payment to Chemeketa to be used to replace existing vending machines. The agreement also had a "no-cause" termination clause.

In 2008 Chemeketa entered into another contract with Northwest Innovations, Inc. (NWI) to provide food services at Chemeketa. At the same time NWI entered into a separate agreement with Pepsi Bottling for "pouring rights" for carbonated-beverage services at Chemeketa.

In July 2009 the arbitration panel that OCB appointed in 2006 to resolve Plaintiff's grievance at that time issued an award to Plaintiff. The panel found OCB had violated the RSA and ordered OCB (1) to pay Plaintiff an amount equal to net revenues from the Chemeketa contract retroactive to 2007, (2) to award Plaintiff the Chemeketa vending contract, and (3) to consult with BECC regarding further actions regarding vending that might become available at Chemeketa.

When OCB became aware of the Chemeketa contract with NWI

following the July 2009 arbitration award, OCB contended Chemeketa had neither given OCB the notice required by Oregon law nor given OCB an opportunity to bid on these vending services as required by Oregon law. Despite negotiations this dispute was not resolved, and in March 2011 OCB filed a complaint in Marion County Circuit Court against Chemeketa alleging it failed to comply with Oregon law and seeking to have the contracts nullified under Oregon law. Chemeketa settled the lawsuit by terminating the vending agreements, including the agreement with OCB that was managed by Plaintiff.

In July 2011 Chemeketa submitted all vending services for competitive bid, and OCB and two other private vending companies responded to the bid request. In August 2011 Chemeketa awarded the contract for all vending services to Courtesy Vending. Chemeketa provided written notice to OCB of the reasons for not accepting OCB's bid, including the fact that the Courtesy bid was a "better offer." Plaintiff and BECC encouraged OCB to protest Chemeketa's notice, but, based on advice from the Oregon Attorney General's Office that there was no valid basis to do so, OCB did not protest.

In August 2012 Plaintiff filed a complaint with the DOE in which Plaintiff contended OCB violated the provisions of the RSA and Oregon law. The Secretary of the DOE appointed an arbitration panel (Panel) to resolve Plaintiff's complaint. In

September 2013 the Panel held a hearing.  In March 2014 the Panel issued a decision in which it concluded OCB had not violated provisions of the RSA or Oregon law and that Plaintiff was not entitled to any award of damages or attorneys' fees.  The Panel found specifically that:

> 1.  "Chemeketa had the discretion under Oregon law to determine which bid was satisfactory to Chemeketa, and no violation of the law occurred when [OCB] did not challenge Chemeketa's discretion to select Courtesy Vending."
>
> 2.  "[T]he law does not require that contracts for vending services on Other Property be for an indefinite period of time."
>
> 3.  "[A]ctive participation by the BECC was not required" and was not "a major administrative decision affecting the overall administration of the program."
>
> 4.  "Because Chemeketa has the discretion to award vending contracts to vendors presenting superior bids for those contracts, [OCB] was not obligated by state or federal law to try to stop or to prevent those vending contracts."

On May 22, 2014, Plaintiff filed this action for review of the Panel's decision and named OCB, among others, as a defendant.  Plaintiff alleged the Panel erred in its decision that OCB had not violated the RSA or Oregon law.  Plaintiff requested this Court set the Panel's Order aside and award him monetary damages together with attorneys' fees and costs.

On October 30, 2015, OCB filed a Motion (#50) for Summary Judgment.

On February 24, 2017, the Magistrate Judge issued her

9 - OPINION AND ORDER

Findings and Recommendation (#74), and the matter was referred to this Court. On April 10, 2017, Plaintiff and OCB each filed Objections to the Magistrate Judge's Findings and Recommendation.

### III. Magistrate Judge's Findings

The Magistrate Judge made the following Findings:

> 1. The RSA does not require permits for vending services on other properties to be issued for an indefinite period, and the Panel was correct when it concluded OCB did not violate the RSA when it entered into an agreement with Chemeketa that contained a "no-cause" termination clause.
>
> 2. The Panel correctly concluded OCB is not required to allow BECC to actively participate in the litigation decisions regarding the Chemeketa vending contracts.
>
> 3. The Panel erroneously concluded Chemeketa has the discretion under Oregon law to refuse an offer by OCB in favor of a "better offer" by a non-blind vendor.
>
> 4. The Eleventh Amendment does not provide OCB, as an agent of the State of Oregon, with sovereign immunity from an award of damages in an arbitration proceeding under the RSA.
>
> 5. The Panel erroneously failed to award damages to Plaintiff.

Thus, the Magistrate Judge recommends this Court reverse the decision of the Panel, deny OCB's Motion for Summary Judgment, award Plaintiff damages of $54,000.00 plus reasonable attorneys' fees and costs, and award Plaintiff $2,000.00 per month until OCB regains the Chemeketa facility vending contracts on behalf of Plaintiff "or finds suitable alternative vending opportunities" for Plaintiff.

**DISCUSSION**

As noted, Plaintiff and OCB have each objected to portions of the Magistrate Judge's Findings and Recommendation.

**I. Portions of the Findings and Recommendation to which neither party objects.**

Neither party objects to that portion of the Findings and Recommendation in which the Magistrate Judge concludes OCB did not violate the RSA when it entered into an agreement with Chemeketa that contained a "no-cause" termination clause. The Court, therefore, is relieved of its obligation to review the record *de novo* as to this portion of the Findings and Recommendation. *See Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009)*. See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Having reviewed the legal principles *de novo*, the Court does not find any error in this portion of the Findings and Recommendation.

**II. OCB's Objections to the Findings and Recommendation.**

OCB concedes the Magistrate Judge correctly determined OCB did not violate the RSA by agreeing to operate the vending facilities at Chemeketa under a permit that allowed for "no-cause" termination and that OCB was not required to allow BECC to participate in OCB's litigation decisions regarding vending at Chemekata. OCB, however, objects to the Magistrate Judge's

Findings and Recommendation that Oregon law requires a mandatory preference or right of first refusal for blind vendors and an agency does not have the discretion to refuse an offer by OCB in favor of a "better offer." OCB also objects to the Magistrate Judge's recommended award of money damages and attorneys' fees on the grounds that (1) the Eleventh Amendment precludes an award of money damages against OCB as an agent of the state; (2) even if Plaintiff could recover damages, the record is incomplete and the issue of damages should be remanded to the Panel for determination; and (3) an award of attorneys' fees is premature and unwarranted under the law.

    **A.   Right of First Refusal**

    The Panel found the language of Oregon Revised Statutes § 346.520 was ambiguous and does not create a right of first refusal when read in conjunction with Oregon Revised Statutes § 346.530. The Panel, therefore, concluded Chemeketa had the discretion to accept the "best offer" for vending services. The Magistrate Judge, however, finds the Panel incorrectly interpreted Oregon law based on principles of statutory construction, recommends reversal of the Panel's decision, and concludes Oregon law creates a right of first refusal for vending services by blind vendors. The Court agrees.

    In its Objections to this portion of the Magistrate Judge's Findings and Recommendation, OCB merely reiterates the

arguments contained in its summary judgment briefings and made at oral argument before the Magistrate Judge.

This Court has carefully considered OCB's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

**B. Sovereign Immunity**

The Magistrate Judge relied on Ninth Circuit precedent in *Premo v. Martin*, 119 F.3d 764 (9th Cir. 1997), to conclude that the Eleventh Amendment does not apply to RSA arbitration proceedings and does not preclude an award of compensatory relief. In *Premo* the Ninth Circuit held:

> We conclude that the Eleventh Amendment does not apply to Randolph-Sheppard arbitration proceedings and thus does not limit the authority of arbitration panels convened under the Act to award compensatory relief. In addition, we believe the overwhelming implication of the Act is that participating states have waived their sovereign immunity to suit in federal court for the enforcement of such awards.

119 F.3d at 769. OCB, however, contends subsequent holdings by the United States Supreme Court in *Federal Maritime Commission v. South Carolina State Ports Authority (FMC)*, 535 U.S. 743 (2002), and *Sossamon v. Texas*, 563 U.S. 277 (2011), abrogate *Premo*. This Court disagrees with OCB's contention.

In *FMC* the defendant filed a complaint with the Federal Maritime Commission against the South Carolina State Port

13 - OPINION AND ORDER

Authority for violation of the Shipping Act, 46 U.S.C. § 1701, *et seq.*, after the Port Authority denied permission to berth one of defendant's cruise ships. An administrative law judge found the Port Authority was an arm of the state and entitled to sovereign immunity. The Commission on its own motion reversed that decision and concluded sovereign immunity did not extend to executive branch proceedings. The Fourth Circuit reversed, and the Commission petitioned for review. The Supreme Court held state sovereign immunity precluded the Commission from adjudicating a private party's complaint against a nonconsenting state. As the Magistrate Judge correctly noted, the *FMC* court does not discuss waiver of sovereign immunity when a state opts into a federal statutory scheme, which was the central issue in *Premo*.

In *Sossamon v. Texas* a state prisoner brought a civil-rights action under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc, against prison officials who refused to allow the inmate to participate in religious services while on cell restriction and barred his use of the prison chapel. The district court granted summary judgment for the state on the ground that sovereign immunity barred the plaintiff's claim for monetary relief. The court of appeals affirmed and held the statutory phrase "appropriate relief against a government" in RLUIPA did not unambiguously

notify the state that its acceptance of federal funds was conditioned on a waiver of sovereign immunity as to claims for monetary relief. The Supreme Court affirmed. The Supreme Court noted a state's consent to waiver of immunity must be "unequivocally expressed" in the text of the relevant statute, and RLUIPA's authorization of "appropriate relief against a government" is not an unequivocal expression of such consent. 563 U.S. at 285-86.

Here the clear language of the RSA that the state agrees to "submit grievances of any blind licensee . . . to arbitration" as authorized in the RSA is explicit consent to such a process that will be final and binding on the parties. 20 U.S.C. § 107d-1. *See also Premo*, 119 F.3d at 769. The *Premo* court also noted it was "widely recognized that this language permits arbitration panels to award compensatory relief." *Id.*

On this record the Court agrees with the Magistrate Judge that Eleventh Amendment sovereign immunity does not apply to arbitration proceedings under the RSA and does not preclude an award of compensatory damages against OCB by the arbitration panel.

**C. Damages**

OCB contends even if the Court finds sovereign immunity does not apply, the record is incomplete and the issue of damages should be remanded to the Panel for determination. OCB argues

15 - OPINION AND ORDER

the question of damages was never decided by the Panel. In particular, OCB emphasizes it never had the opportunity to challenge the assumption that its actions caused Plaintiff to lose income or to present evidence that such loss should be offset by the money that Plaintiff earned in other employment.

Plaintiff responds that evidence submitted during the arbitration hearing regarding his income at the time of the Chemeketa contracts is sufficient to support an award of damages. Plaintiff also argues OCB failed to raise or even to brief the issue of damages before the Panel and, therefore, should be precluded from raising any objections to this Court's award of damages.

The Court notes Plaintiff's complaint for arbitration filed with the DOE on August 29, 2012, did not raise the issue of damages, but sought only an award of attorneys' fees and costs. Moreover, the record reflects the four issues identified by the Panel did not directly relate to an award of monetary damages, and, in fact, the Panel only addressed the legal issues arising from Plaintiff's allegations that OCB violated the RSA and/or Oregon law. The Panel's analysis resulted in its determination that OCB did not violate either. Consequently, the Panel summarily concluded Plaintiff was "not entitled to an award of damages or attorney fees."

The Court notes Plaintiff does not allege in his

Complaint that the Panel's failure to award damages was an error, but asserted only that the Panel erred in its determination that OCB had not violated the RSA or Oregon law.

As noted, a court reviews decisions of an arbitration panel convened under the RSA as final agency actions under the APA. 20 U.S.C. § 107d-2(a). The standard of review applicable to agency actions depends on whether the challenged action rests on factual findings or legal conclusions. When a case is reviewed on the record of an agency, the agency's findings of fact must be upheld if they are supported by substantial evidence. 5 U.S.C. § 706(1)(E).

Here the record reflects the Panel did not make any finding or address the amount of damages that Plaintiff may have been entitled to if the Panel had determined OCB violated Oregon law and was not protected by sovereign immunity. Under the RSA, as noted, decisions by an arbitration panel are reviewable on the record as a "final agency action." Because the Panel did not make any "factual findings or legal conclusions" as to the amount of damages, this Court concludes that issue is not ripe for review in this proceeding. *See* 5 U.S.C. § 706.

On this record the Court has already agreed with the Magistrate Judge that OCB violated Oregon law; that OCB does not have sovereign immunity under the circumstances; and, therefore, that Plaintiff is entitled to compensatory damages. The amount

17 - OPINION AND ORDER

of Plaintiff's compensatory damages, however, was not addressed by the Panel in its Order and, therefore, cannot be the subject of this Court's review. Accordingly, the Court does not adopt the Magistrate Judge's recommendation to award Plaintiff damages in the amount of $54,000.00 and monthly income of $2,000.00.

    **D. Attorneys' Fees**

OCB also objects to the Magistrate Judge's award of attorneys' fees on the ground that there is not any authority for such an award, but Plaintiff does not specifically respond to this Objection. The Court notes the Panel did not award attorneys' fees to Plaintiff in its Order.

Again, because the Panel did not make any "factual findings or legal conclusions" as to an award of attorneys' fees, that issue is not before this Court for review. *See* 5 U.S.C. § 706.

Accordingly, the Court does not adopt the Magistrate Judge's recommendation for an award of attorneys' fees to Plaintiff.

**III. Plaintiff's Objections to the Findings and Recommendation.**

The Magistrate Judge upheld the Panel's determination that OCB was not required to allow BECC's active participation in the decisions regarding the Chemeketa contracts and, therefore, did not violate the RSA.

Plaintiff objects to this portion of the Findings and

Recommendation and contends the arbitration decision in July 2009 required OCB to allow BECC to participate actively. According to Plaintiff, therefore, that decision is *res judicata* in this dispute. To support his position, however, Plaintiff merely reiterates the arguments contained in his summary-judgment briefs.

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## **SUMMARY**

In summary, the Court concludes:

1. Oregon Revised Statutes §§ 346.520 and 346.530 provide for a right of first refusal for vending services by persons who are blind;

2. OCB correctly interpreted Oregon regulations and did not violate the RSA regarding the involvement of BECC in the litigation decisions as to the Chemeketa Community College vending contracts; and

3. OCB, a state agency, is not immune under the Eleventh Amendment from an award of monetary damages under the RSA or Oregon law.

19 - OPINION AND ORDER

## CONCLUSION

The Court **ADOPTS in part** Magistrate Judge Youlee Yim You's Findings and Recommendation (#74) and, accordingly, **DENIES** Defendant Oregon Commission for the Blind's Motion (#50) for Summary Judgment to the extent that it seeks a determination that there is not a right of first refusal for vending services provided by blind vendors pursuant to Oregon law. The Court **DECLINES to adopt** the Findings and Recommendation (#74) for an award of monetary damages and attorneys' fees to Plaintiff as beyond the scope of this Court's authority to review agency action under the APA.

As explained herein and consistent with the Magistrate Judge's Findings and Recommendation, the DOE Arbitration Panel's decision is **VACATED in part**, and this matter is **REMANDED** to the Arbitration Panel to determine the amount of Plaintiff's compensatory damages, if any; to determine whether Plaintiff is entitled to an award of attorneys' fees; and, if so, to determine the amount of attorneys' fees to which Plaintiff is entitled.

IT IS SO ORDERED.

DATED this 31st day of May, 2017.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge